```
          UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT BLUEFIELD
```

**JOHN D. SYNER,**

    **Plaintiff,**

**v.**                             **CIVIL ACTION No. 1:23-00018**

**MCDOWELL COUNTY COMMISSION,**
**et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion for leave to amend his Complaint, filed on February 15, 2023. See ECF No. 6. Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure permits a party to amend its pleading "once as a matter of course. . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b). . . ." Defendant McDowell County Commission filed its Motion to Dismiss pursuant to Rule 12(b)(6) on February 1, 2023. See ECF No. 3.

Although the motion to amend is opposed, see ECF No. 10, it is filed within the time permitted for amendment as of right pursuant to Federal Rule of Civil Procedure 15(a)(1). Accordingly, the motion to amend is **GRANTED**[1] and the Clerk is directed to file the amended complaint (attached as an exhibit to

---

[1] Some courts deny similar motions to amend as moot because the party could amend complaint as of right. See, e.g., Davis v. Liberty Mut. Ins. Co., C.A. No.: 9:15-cv-2818-PMD, 2015 WL 6163243, at * 1 (D.S.C. Oct. 19, 2015).

the motion to amend) as of February 15, 2023.  Furthermore, because of the court's ruling on the motion to amend, defendant's motion to dismiss (ECF No. 3) is **DENIED** without prejudice as moot.[2]

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 16th day of June, 2023.

                        ENTER:

                        */s/ David A. Faber*
                        David A. Faber
                        Senior United States District Judge

---

[2] "Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect'" Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) (quoting Young v. City of Mt. Ranier, 238 F.3d 567, 573 (4th Cir. 2001)).